Claim No: 559288

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

---

**SECURA INSURANCE**, a Mutual Company, a Wisconsin corporation,

PLAINTIFF,

**vs.**

C.A. NO.
HON.

**DTE GAS SERVICES COMPANY f/k/a MICHCON FUEL SERVICES COMPANY**, a Michigan corporation; **EARL E. KNOX CO. d/b/a KNOX WESTERN**, a Pennsylvania corporation; and **UNITED FILTRATION SYSTEMS, INC.**, a Michigan corporation,

DEFENDANTS.

---

**MICHAEL T. RYAN (P53634)**
**Merry, Farnen & Ryan, P.C.**
ATTORNEYS FOR PLAINTIFF SECURA
18303 Ten Mile Road, Ste. 200
Roseville, Michigan 48066
586-776-6700 / 586-776-5927 (direct)
586-776-1501- FAX
mryan@mfr-law.com

---

**COMPLAINT FOR DECLARATORY JUDGMENT**

A civil action between the defendants arising out of the transactions or occurrences alleged in this complaint has been previously filed in this Court where it was given docket No. No. 2:13-CV-13930 and assigned to the Honorable Marianne O. Battani. The action remains pending.

***/s/Michael T. Ryan***
**MICHAEL T. RYAN (P53634)**

Plaintiff, SECURA INSURANCE, a Mutual Company (SECURA), states as follows in its Complaint for Declaratory Judgment:

1. SECURA brings this Complaint for Declaratory Judgment pursuant to Federal Rules

of Civil Procedure Rule 57, and 28 U.S.C. §2201.

2. This Complaint for Declaratory Judgment arises out of the events described in the complaint that DTE Gas Services Company f/k/a MichCon Fuel Services Company, a Michigan corporation (DTE) filed against Earl E. Knox Co. d/b/a Knox Western, a Pennsylvania corporation (Knox) in the Oakland County Circuit Court. This Complaint also arises out of the third-party complaint that Knox filed against SECURA's insured, United Filtration Systems, Inc., a Michigan corporation (United Filtration) in that same case, which has been removed to the United States District Court for the Eastern District of Michigan, Southern Division (the underlying case). The underlying case is now pending before this Court in a case bearing Case No. 2:13-CV-13930 and assigned to the Honorable Marianne O. Battani. (**Exhibit A**, Complaint and Third-Party Complaint in underlying case).

3. SECURA is a Wisconsin corporation with its principal place of business in Appleton, Wisconsin.

4. DTE is a Michigan corporation with its principal place of business in Detroit, Michigan.

5. Knox is a Pennsylvania corporation with its principal place of business in Erie, Pennsylvania.

6. United Filtration is a Michigan corporation with its principal place of business in Sterling Heights, Michigan.

7. Complete diversity of citizenship between SECURA and all of the Defendants exists in this case. The amount in controversy is in excess of $75,000. This Court therefore has subject matter jurisdiction over this case pursuant to 28 U.S.C. §1332(a).

8. Venue in this court is proper under 28 U.S.C. §1391(b)(1) and (2) because at least

one of the defendants resides in this venue, the events giving rise to the underlying case occurred in this venue, and the insurance policy that is the subject of this declaratory judgment action was executed in this venue.

9. SECURA insured United Filtration under a business owner's liability insurance policy bearing policy number 20-BP-003059504-0/000.

10. There is a case or controversy concerning the applicability of defense and indemnification coverage under the SECURA policy for the underlying case. SECURA is presently defending United Filtration against the underlying case under a reservation of rights letter. (**Exhibit B**, reservation of rights letter).

11. SECURA now seeks a declaration that it has no duty under the policy identified above to defend or indemnify United Filtration against the underlying case.

## FACTS

12. SECURA repeats the allegations pled in paragraphs 1-11 as if set forth in full.

13. DTE claims in its complaint against Knox that it entered into two purchase orders with Knox which obligated Knox to design and deliver compressed natural gas fueling equipment to DTE's Wixom and Wyoming, Michigan filling stations.

14. DTE claims that Knox breached the terms of the purchase orders by failing to timely design, manufacture and deliver compressed natural gas fuel equipment which performed as required by the specifications. DTE claims that the failure of the Knox-supplied equipment to perform properly caused, among other things, oil contamination of the compressed natural gas fuel DTE supplied to its customers.

15. DTE asserts breach-of-contract, breach-of-express-warranty, breach-of-implied warranty, and declaratory-judgment-action claims against Knox. In its declaratory-judgment action

claim, DTE asserts that the terms and conditions of the purchase orders require Knox to defend and indemnify it against any claims arising out of Knox's performance of the agreement.

16. In its third-party complaint against United Filtration, Knox claims that United Filtration contracted with it to provide equipment and components pursuant to the specifications issued by DTE.

17. In Count I of the third-party complaint, Knox argues that United Filtration is contractually obligated to indemnify, hold harmless and defend it against any claims, losses and/or damages claimed by DTE in the principal action. Knox argues in the alternative that, in the event it is found liable to DTE on any theory of liability alleged by DTE, Knox would be entitled to common-law and/or implied indemnification from United Filtration.

18. Count II of Knox's third-party complaint is a breach-of-contract claim. Knox argues that, to the extent the equipment and components produced by United Filtration were defective or failed to conform to specifications as alleged by DTE, United Filtration breached its contract with Knox.

19. Count III of Knox's third-party complaint is for breach of express and/or implied warranties.

20. United Filtration tendered Knox's third-party complaint to SECURA who began providing United Filtration with a defense against the third-party complaint pursuant to the reservation of rights letter attached as **Exhibit B**.

**DEMAND FOR DECLARATORY JUDGMENT**

21. SECURA repeats the allegations pled in paragraphs 1-20 as if set forth in full.

22. The insurance policy under which SECURA insured United Filtration says that SECURA will pay those sums that the insured become legally obligated to pay as damages because

of "bodily injury" or "property damage" caused by an "occurrence". See policy number 20-BP-003059504-0/000, Section I - Coverages – Coverage A. Bodily Injury and Property Damage, 1. Insuring Agreement, a.-b., p. 1 of Policy. (**Exhibit C**).

23. The policy defines the terms "property damage" and "occurrence" as follows:

> 12. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.
>
> See Businessowners Liability Coverage Form, F. Liability And Medical Expenses Definitions, ¶12, p. 13, of Policy.
>
> ***
>
> As modified by BPE7001.
>
> 15. "Property damage" means:
>
> a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
>
> b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.
>
> For purposes of this insurance, electronic data is not tangible property.
>
> As used in this definition electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drive, cells, data processing devices or any other media which are used with electronically controlled equipment.
>
> See Businessowners Liability Amendatory Endorsement B. Definitions Amended, 15. P. 2 of Policy Amendment.

24. SECURA requests a declaration that it has no duty to defend and/or indemnify United Filtration against Knox's third-party complaint because, in its third-party complaint, Knox does not assert a claim for "property damage" caused by an "occurrence", nor does DTE assert a

claim against Knox in its primary complaint for "property damage" caused by an "occurrence". Instead, both DTE's primary complaint against Knox and Knox's third-party complaint against United Filtration are founded upon and arise out of the contractual relationship between these parties. Breach-of-contract and breach-of-warranty claims of the sort at issue in the underlying case do not constitute claims for "property damage" caused by an "occurrence" within the meaning of the policy.

25. There are also exclusions in policy number 20-BP-003059504-0/000 which exclude all coverage for the third-party complaint. The exclusions say:

> B. Exclusions
>
> 1. Applicable To Business Liability Coverage
> This insurance does not apply to:
>
> ***
>
> c. Contractual Liability
>
> "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:
>
> (1) That the insured would have in the absence of the contract or agreement; or
>
> (2) Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damaged because of "bodily injury" or "property damage" provided:
>
> a. Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

b. Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

***

k. Damage to Property

"Property damage" to:

***

(6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

***

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products – completed operations hazard".

l. Damage to Your Product
"Property damage" to "your product" arising out of it or any part of it.

m. Damage to Your Work
"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

n. Damage to impaired Property or Property Not Physically Injured
"Property damage" to "impaired property" or property that has not been physically injured arising out of:

1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

2) A delay or failure by you or anyone actin on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

o. Recall of Products, Work Or Impaired Property
Damages claimed for any loss, costs or expense incurred by you or others for the loss of use, withdrawal recall, inspection, repair replacement adjustment removal or disposal of:

1) "Your product";

2) "Your work"; or

3) "Impaired property";
If such product, work or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

See Businessowners Liability Coverage Form, B. Exclusions, ¶1.b. (1)-(2); f.(1), (2)(a); k. (6); l.; m.; n.; o. pp. 3-6 of Policy.

26. The policy defines "impaired property", "insured contract", "products-completed operations hazard", "your product" and "your work" as follows:

7. "Impaired property" means tangible property, other than "your product" or "your work", that cannot be sued or is less useful because:

a. It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

b. You have failed to fulfill the terms of a contract or agreement;

If such property can be restored to use by:

(1) The repair, replacement adjustment or removal of "your product" or "your work"; or

(2) Your fulfilling the terms of the contract or agreement.

8. “Insured contact” means:

***

f. That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for “bodily injury” or “property damage” to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

Paragraph f. does not include that part of any contract or agreement:

(1) That indemnifies a railroad for “bodily injury” or a ”property damage” arising out of construction or demolition operations within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, road beds, tunnel, underpass or crossing.

(2) That indemnifies an architect, engineer or surveyor for injury or damage arising out of:

a. Preparing, approving or failing to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications; or

b. Giving directions or instruction or failing to give them fi that is the primary cause of the injury or damage; or

(3) Under which the insured, if an architect engineer or surveyor, assumes liability for an injury or damage arising out of the insured’s rendering or failure to render professional services including those listed in (2) above and supervisory, inspection or engineering services.

***

12. “Products – completed operations hazard”:

a. Includes all “bodily injury” and “property damage” occurring away from premises you own or rent and arising out of “your product” or “your work” except:

(1) Products that are still in your physical possession; or

(2) Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

a. When all of the work called for in your contract has been completed

b. When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site

c. When that part of the work done at the job site has been put to its intended use by any other persons or organization other than another contractor or subcontractor working on the same project.
Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete will be treated as completed.

The "bodily injury" or "property damage" must occur away from premises you own or rent, unless your business includes the selling, handling or distribution of "your product" for consumption on premises you own or rent.

18. "Your Product" means:
a. Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

(1) You;

(2) Others trading under your name; or

(3) A person or organization whose business or assets you have acquired; and

b. Containers (other than vehicles), material, parts or equipment furnished in connection with such goods or products.
"Your product" includes:

a. Warranties or representations made at any time with respect to he fitness, quality, durability, performance or use of "your product"; and

b. The providing of or failure to provide warnings or instructions.

"Your product" does not include vending machines or other property rented to or located for the use of others but not sold.

19. "Your work" means:

a. Work or operations performed by you or on your behalf; and

b. Materials, parts or equipment furnished in connection with such work or operations.

"Your work" includes:

a. Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work" and

b. The providing of or failure to provide warnings or instructions.

See Businessowners Liability Coverage Form, F. Liability And Medical Expenses Definitions, ¶7, ¶8 p. 12; ¶14, ¶18, ¶19, pp. 14-15 of Policy.

26. SECURA requests a declaration that, pursuant to these exclusions and definitions, it has no duty to defend and/or indemnify United Filtration against Knox's third-party complaint.

27. Upon information and belief, an "insured contract" within the meaning of the exception to the contractual-liability exclusion does not exist in the underlying case and, therefore, the contractual-liability exclusion (Exclusion B.1.c.) excludes all defense and indemnification coverage for Knox's third-party complaint.

28. To the extent the underlying case arises out of property damage to that particular part of any property that must be restored, repaired or replaced because United Filtration's work was performed incorrectly upon it, Exclusion K(6) applies to exclude all coverage for this claim.

29. To the extent that the underlying case involves property damage to United

Filtration's product arising out of it or any part of it, Exclusion L applies.

30. Exclusion M applies to exclude all coverage for property damage to United Filtration's work arising out of it or any part of it and included within the "products-completed operations hazard".

31. To the extent that DTE's claim against Knox and/or Knox's claim against United Filtration involves damage to "impaired property" or property not physically injured within the meaning of the policy, Exclusion N applies to exclude all defense and indemnification coverage.

32. Exclusion O applies to exclude coverage for damages claimed for any loss, cost or expense incurred by United Filtration and/or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of United Filtration's work or product.

33. Policy number 20-BP-003059504-0/000 also carried the following pollution exclusion addendum, which says:

> POLLUTION EXCLUSION ADDENDUM
>
> ATTENTION – IMPORTANT NOTICE
>
> This exclusion is added to the following:
>
> BUSINESSOWNERS LIABILITY COVERAGE FORM
> COMMERCIAL GENERAL LIABILTIY COVERAGE FORM
> OWNERS AND CONTRACTORS PROTECTIVE LAIBLITY COVERAGE FORM
>
> This means, under this policy there is no coverage for any liability which any insured may have for damages arising out of pollution. Clean-up and defense costs arising out of pollution are also not covered under this policy.
>
> It is agreed that the exclusion relating to the actual, alleged or threatened discharge, dispersal, seepage migration, release, or escape or "pollutants" is amended by adding the following:

This insurance does not apply:

1. To “bodily injury” or “property damage” “personal and advertising injury” arising out of a “pollution hazard”

   (f) arising out of “your products, “Your work” or the products or work of any person or organization for whom any insured may be legally responsible.

Additional Definition:

1. “Pollution” or “pollution Hazard” means an actual exposure or threat of exposure to “pollutants”
   Notwithstanding any other limitation or definition contained in this exclusion “pollution Hazard” shall include any loss, cost or expense arising out of any governmental direct or request that the names insured test for monitor, clean up, remove, contain, treat, detoxify, or neutralize any substance of any nature.

2. Throughout this endorsement with regard to the BUSIENSSOWNERS LIABLITY FORM the following terms apply:

***

c. “Pollutants” mean any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot fumes, acids, alkalis, chemicals and waste. Waste includes material to be recycled reconditioned or reclaimed, waste materials” consisting of or containing any of the foregoing.

The pollution Exclusion applies whether or not such irritant or contaminant has any function in your business operations, premises, site or location.

All other terms and conditions of this policy not in conflict with the terms and conditions of this endorsement shall continue to apply.

ILE 0198 POLLUTION EXCLUSION ADDENDUM.

34. On the basis of the allegations that DTE makes against Knox and that Knox makes against United Filtration, each and every claim or cause of action in the underlying lawsuit arises out of and is predicated upon a “pollution hazard” within the meaning of the above pollution exclusion addendum. SECURA therefore requests a declaration that the pollution exclusion

addendum excludes all defense and indemnification coverage for the claims made by DTE against Knox and all of Knox's claims against United Filtration.

**RELIEF REQUESTED**

For the reasons outlined above, SECURA requests the following declaratory and equitable relief:

A. The Court's declaratory judgment that SECURA has no duty under policy number 20-BP-003059504-0/000 to defend and/or indemnify United Filtration against the third-party complaint that Knox filed against it in the underlying case.

B. The Court's declaration that SECURA may immediately withdraw from the participation of the defense of the underlying case, and shall no longer be responsible to pay the attorney's fees, costs and expenses incurred in the defense of United Filtration against the underlying case.

C. The Court's declaration that United Filtration must reimburse SECURA all attorney's fees, costs and expenses SECURA incurred while providing United Filtration with a defense against the underlying case.

D. SECURA asks this Court to award it any other equitable and declaratory relief to which SECURA is entitled in connection with the prosecution of this declaratory judgment action.

**MERRY, FARNEN & RYAN, P.C.**

**By:** ***/s/Michael T. Ryan***
**MICHAEL T. RYAN (P53634)**
ATTORNEYS FOR PLAINTIFF SECURA
18303 Ten Mile Road, Suite 200
Roseville, MI 48066
586-776-6700 / 776-5927(direct)

DATED: January 28, 2014